**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ANDRE PRIEST HOLMES,
          *Defendant-Appellant.*

No. 03-4306

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-99-42)

Submitted: October 3, 2003

Decided: December 1, 2003

Before WIDENER, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Charles T. Berry, BOWLES, RICE, MCDAVID, GRAFF & LOVE, P.L.L.C., Morgantown, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Andre Priest Holmes appeals the district court's imposition of a two-level sentence enhancement under *United States Sentencing Guidelines Manual* § 2D1.1(b)(1) for possession of a dangerous weapon in connection with a drug offense. We affirm.

Holmes first argues that his counsel rendered ineffective assistance by failing to elicit testimony from his girlfriend at his initial sentencing regarding the propriety of the enhancement. In order to succeed on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under the first prong of *Strickland*, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 689. Further, the reviewing court must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors, rather than with the benefit of hindsight. *Id.* at 690. To satisfy the second prong of *Strickland*, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* A defendant normally raises the issue of ineffective assistance of counsel by collateral attack. A defendant can raise the claim of ineffective assistance on direct appeal, but only if it conclusively appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991).

We find that Holmes's claim of ineffective assistance does not conclusively appear on the face of the record. Although Holmes correctly notes that his girlfriend was not called to testify to rebut the imposition of the gun enhancement, the district court already had the necessary information before it on which to rule on the USSG § 2D1.1 enhancement.* In particular, Holmes and his counsel proffered evi-

_____

*Although Holmes contends that his girlfriend's testimony would have rebutted the propriety of the enhancement, he fails to specify what this

dence both by way of written objections and at the initial sentencing hearing. Nonetheless, the district court ruled against Holmes, imposing the two-level enhancement. Thus, because ineffective assistance of counsel does not conclusively appear on the face of the record, this claim is not properly considered on direct appeal.

Holmes's next argument, that the district court erred by imposing the USSG § 2D1.1 enhancement, also fails. We review a sentencing court's imposition of such an enhancement for clear error. *See United States v. Banks*, 10 F.3d 1044, 1057 (4th Cir. 1993). According to USSG § 2D1.1, a defendant's base offense level may be increased by two levels for possession of a dangerous weapon, including a firearm, in connection with a drug offense. The commentary to that section provides that "[t]he adjustment should be applied if the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3); *see United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997).

We have upheld a district court's imposition of the enhancement where drugs and guns were found in a defendant's home. *See United States v. Nelson*, 6 F.3d 1049, 1056 (4th Cir. 1993), *overruled on other grounds by Bailey v. United States*, 516 U.S. 137 (1995); *see also Harris*, 128 F.3d at 852-53 (upholding enhancement where unloaded gun was found in defendant's dresser with drugs); *United States v. Rusher*, 966 F.2d 868, 880 (4th Cir. 1992) (upholding enhancement where firearms and drugs were found in same briefcase); *United States v. White*, 875 F.2d 427, 433 (4th Cir. 1989) (upholding enhancement where gun was found underneath codefendant's car seat). Here, the gun was found approximately six to eight feet from half a kilogram of cocaine belonging to Holmes, in a residence where he stayed and dealt drugs when he was in the area. Thus, we find that the district court's imposition of the enhancement was not clearly erroneous.

Holmes next argues that USSG § 2D1.1 contains an improper burden-shifting and burden of proof scheme, thereby resulting in a

---

testimony would have entailed or how it would have rebutted the existence of a connection between the gun and the drug offense for which he was convicted.

violation of his due process rights. He argues that the "clearly improbable" language in the commentary to USSG § 2D1.1 improperly shifts an overly stringent clear and convincing burden to the defendant. Holmes contends, however, that it should be the Government that bears the burden of proving a connection between the gun and the offense by a preponderance of the evidence, and because the Government proffered no evidence to support such a connection, the standard would not have been met. We find that Holmes's argument is without merit. Commentary "that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of that guideline." USSG § 1B1.7, comment. (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)). The "clearly improbable" standard does not violate the Constitution or a federal statute, nor is it inconsistent with USSG § 2D1.1. Thus, Holmes's argument fails.

Lastly, Holmes argues that the district court's denial of his motion to elicit testimony at his resentencing hearing violated his due process rights. Through this motion, Holmes sought to elicit testimony from his girlfriend regarding the lack of a connection between the gun and the drug offense. Holmes relies on USSG § 6A1.3(a), which states that "parties shall be given an adequate opportunity to present information to the court" regarding disputed factors that are important to the sentencing determination. He argues that the district court should have afforded him the opportunity to "oppose and specifically address" the evidentiary basis of the sentence enhancement. We find Holmes's argument baseless.

Because Holmes raises this argument for the first time on appeal, we review it for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). To meet the plain error standard (1) there must be an error; (2) the error must be plain, meaning obvious or clear under current law, and; (3) the error must affect substantial rights. *See id.* at 732-34. If these three elements are met, the Court may exercise its discretion to notice the error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 732. The record confirms that the district court accorded Holmes an ample opportunity to "oppose and specifically address" the evidentiary basis of the sentence enhancement in written objections and at the

initial sentencing hearing. We thus find no error in the district court's conduct of the resentencing proceeding, plain or otherwise.

For the foregoing reasons, we find that Holmes's counsel did not render ineffective assistance, the district court did not clearly err by imposing a two-level sentence enhancement under USSG § 2D1.1, the district court did not employ an improper evidentiary standard, and the district court did not err by denying Holmes's motion to elicit testimony at his resentencing hearing. Accordingly, we affirm Holmes's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*