**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4799**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NEAL ALVIN POWELL,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:11-cr-00139-RJC-1)

_____

Submitted: April 24, 2013        Decided: April 30, 2013

_____

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Henderson Hill, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Neal Alvin Powell pled guilty to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2006), and was sentenced to sixty-two months' imprisonment. Powell appeals his sentence, challenging the district court's application of a two-level increase in his offense level for making a threat of death. U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(F) (2011). We affirm.

In each of the three robberies, Powell used a demand note. In the first robbery, the note said, "All of the money in your cash Drawer Before I shoot Hurry." In the second robbery, the note said, "Give me all the money or I'll shoot hurry the drawer $ ssh!!" In the last robbery, the note said, "Give me your money in the cash drawer before I shoot." At the sentencing hearing, Powell argued that the threat of death enhancement should not be applied because his threat was not an explicit threat to kill and he did not make any gestures or take any action that would have heightened the threat. Therefore, in his view, his notes were unlikely to cause a fear of death. The district court disagreed and decided that Powell's notes would cause a reasonable teller to fear death. On appeal, Powell contends that the district court erred by failing to consider the totality of the circumstances before deciding that the enhancement applied.

2

We review a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Miscalculation of the Guidelines range is a significant procedural error. Id. at 51. A threat to shoot a teller is a threat of death. United States v. Franks, 183 F.3d 335, 337-38 (4th Cir. 1999). Generally, the test is an objective one—whether the defendant's statement would "instill a fear of death in a reasonable victim—not the reaction of the particular teller[.]" United States v. Jennings, 439 F.3d 604, 613 (9th Cir. 2006); Franks, 183 F.3d at 338; United States v. Gibson, 155 F.3d 844, 846 (7th Cir. 1998). However, if mitigating circumstances are present, "the court must . . . evaluate the overall circumstances of the robbery to determine whether a reasonable teller in that particular scenario would have perceived a threat of death." United States v. Wooten, 689 F.3d 570 (6th Cir. 2012); see also Jennings, 439 F.3d at 611; Gibson, 155 F.3d at 847.

Powell maintains that the district court should have conducted an analysis of the totality of the circumstances in his case and that, had it done so, it would have found the enhancement inapplicable. He contends that the government failed to bear its burden of proving facts to support the enhancement because it failed to prove that mitigating circumstances were not present. However, at sentencing, Powell

himself argued to the court that, in the particular circumstances of his case, the enhancement did not apply because the bank teller could see that he was not going to harm anyone, did not have a weapon, and made no threatening gestures. In this appeal, Powell does not identify any mitigating circumstances other than those already presented in the district court. Powell argues that the burden of proving the enhancement's applicability cannot be shifted to the defendant. However, a similar argument that Application Note 3 to USSG § 2D1.1 improperly shifts the burden of proof to the defendant to show that the possessed weapon was not connected to the offense has been rejected by this court and by other circuits. See, e.g., United States v. Holmes, 81 F. App'x 467, 469-70 (4th Cir. 2003) (No. 03-4306); United States v. Fudge, 325 F.3d 910, 922 (7th Cir. 2003) (rejecting claim of improper burden shifting in USSG § 2D1.1(b)(1)); United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir. 1989) ("The Due Process Clause does not require that the government prove the absence of every possible exception or mitigating circumstance"); United States v. McGhee, 882 F.2d 1095, 1097-99 (6th Cir. 1989) (same).

Powell also argues that the threat of death enhancement requires more than intimidation, to which he admits, because otherwise it would always be applicable where the crime is robbery by intimidation under 18 U.S.C. § 2113(a). This

4

argument fails because a robbery by force or intimidation can be committed without threats of death.  <u>Jennings</u>, 439 F.3d at 612-13.  The same is true in this case.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5